STATE of Wisconsin, Plaintiff-Respondent,†

v.

Michael FUERST, Defendant-Appellant.

Court of Appeals

*Nos. 93–0973–CR, 93–2453–CR. Submitted on briefs January 10, 1994.—Decided January 19, 1994.*

(Also reported in 512 N.W.2d 243.)

†Petition to review denied.

906

For the defendant-appellant the cause was submitted on the briefs of *James P. McLinden* of Wauwatosa.

For for plaintiff-respondent the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Thomas J. Balistreri*, assistant attorney general.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. Michael Fuerst appeals a judgment convicting him of first-degree sexual assault of a child in violation of § 948.02(1), STATS., and sentencing him to six years in prison and an order denying postconviction relief. Fuerst contends that the trial court erroneously exercised its sentencing discretion by: (1) improperly considering Fuerst's lack of "religious convictions" as evidenced by Fuerst's history of not attending church and (2) improperly considering Fuerst's refusal to confess his guilt. Fuerst argues that his sentence must be vacated because the court, by considering these factors, violated his constitutional rights to freedom of religion, to freedom of conscience and freedom of speech. We conclude that the trial court erroneously exercised its sentencing discretion by weighing for sentencing purposes Fuerst's beliefs system and history of not attending church. We further conclude that the court properly considered Fuerst's lack of remorse as one of several factors. We therefore reverse the order, vacate the sentence and remand the matter for resentencing without consideration of Fuerst's religious beliefs or activities.

A jury found Fuerst guilty of first-degree sexual assault of a child. Throughout his trial, Fuerst maintained his innocence. At sentencing, the state recommended a sentence of five to seven years in

prison and Fuerst requested probation plus time served. The court rejected probation, based on its consideration of several factors, including:

> [Mr. Fuerst, you] have very little religious conviction[ ]. I say that because you don't go to church. .... I guess I make the distinction between somebody who goes to church every Sunday and somebody who either doesn't go to church or believe in religion, and certainly those are mitigating factors.

> The aggravating factors of course certainly are the vulnerability of the child, the fact that it was [while not true incest,] an incest situation. You were placed in trust over a child and [violated] that trust, and certainly there is an element of denial [of guilt] in this case that [raises concerns] that this could be a serious problem in the future.

Fuerst subsequently petitioned the trial court for postconviction relief, based on his assertions that the sentence was unduly harsh and reflected the court's consideration of impermissible factors of Fuerst's beliefs system, decision not to attend church on Sundays and his refusal to admit guilt. The court concluded that the sentence was not unduly harsh and denied Fuerst's motion, stating that Fuerst's constitutional arguments should be addressed by the court of appeals, and reaffirmed his belief that religion is an important consideration at sentencing.

Sentences imposed are deferentially reviewed under an erroneous exercise of discretion standard. *State v. J.E.B.*, 161 Wis. 2d 655, 661, 469 N.W.2d 192, 195 (Ct. App. 1991). Under the erroneous exercise of sentencing discretion standard, we presume that the

trial court acted reasonably unless the defendant shows some unreasonable or unjustifiable basis in the record for the sentence. *Id.* "Unjustifiable bases for a sentence include irrelevant or improper considerations." *Id.* (Citation omitted.)

Fuerst contends that the sentencing court's consideration of a defendant's possession of religious convictions and regular attendance at church as mitigating factors for sentencing purposes violates the right to religious freedom guaranteed under the First Amendment to the United States Constitution and Art. I, § 18, of the Wisconsin Constitution.[1] We recognize that the United States and Wisconsin Constitutions each afford an independent protection of a person's religious freedom. However, we find it unnecessary to separately consider the state and federal constitutional provisions because the court's consideration of matters of personal conscience offended both provisions.

---

[1] The First Amendment to the United States Constitution provides in part, "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." This provision applies to State action by virtue of the fourteenth amendment to the United States Constitution.

Article I, § 18, of the Wisconsin Constitution provides:

> The right of every person to worship Almighty God according to the dictates of conscience shall never be infringed; nor shall any person be compelled to attend, erect or support any place of worship, or to maintain any ministry, without consent; nor shall any control of, or interference with, the rights of conscience be permitted, or any preference be given by law to any religious establishments or modes of worship; nor shall any money be drawn from the treasury for the benefit of religious societies, or religious or theological seminaries.

In *State ex rel. Warren v. Nusbaum*, 64 Wis. 2d 314, 322, 219 N.W.2d 577, 582 (1974), our supreme court adopted the three-pronged test for determining if state action violated a person's right to religious freedom that was promulgated in *Lemon v. Kurtzman*, 403 U.S. 602, 612-13 (1971): "First, the [action] must have a secular . . . purpose; second, its principal or primary effect must be one that neither advances nor inhibits religion; finally, [it] must not foster an 'excessive government entanglement with religion.'" (Citation omitted.) A failure of any one of these three prongs renders the state action unconstitutional. *See id.* at 613-14.

We conclude that, under the circumstances before us, the sentencing court's statement that it considered a defendant's possession of religious convictions and regular attendance at church to be mitigating factors fails the second and third prongs of the *Lemon* test. The primary effect of a court considering the possession of religious convictions and engagement in religious activity as mitigating factors at sentencing is the advancement of religion. The court emphasized Fuerst's decision not to regularly attend church on Sundays and indicated a tendency to treat more favorably persons who belong to organized religions that conduct their worship services in churches on Sundays. This encourages and advances specific types of religion because under the court's policy, persons who practice those religions are more likely to receive probation than persons who do not. Additionally, the court's announcement of a judicial policy that favors as candidates for probation church-attending defendants over nonchurch-attending defendants not only intrudes into

911

individual citizens' private matters of religion, but impermissibly entangles religious considerations with the secular function of sentencing. We therefore conclude that the sentencing court's consideration of Fuerst's religious belief system and activities violated Fuerst's right to religious freedom under the United States and Wisconsin Constitutions.

We do not hold, however, that sentencing courts can never constitutionally consider a defendant's religious practices at sentencing. The analysis in *J.E.B.* is applicable in determining whether a sentencing court's consideration of a defendant's religious beliefs and practices is constitutionally permissible.

In *J.E.B.*, 161 Wis. 2d at 673, 469 N.W.2d at 200, we adopted the approach the D.C. Circuit Court took in *United States v. Lemon*, 723 F.2d 922 (D.C. Cir. 1983), concerning the question whether a sentencing court, considering a defendant's exercise of his first amendment right of association, was constitutionally impermissible. The *Lemon* court ruled that due process at sentencing requires that before a court may consider a defendant's associations, there must be some identifiable link between those associations and the crime for which the defendant was convicted. *Id.* at 936. In *J.E.B.*, we applied the same rationale to a trial court considering the type of books (child pornography) the defendant chose to read. Because J.E.B.'s criminal conduct in having sexual contact with a child paralleled the constitutionally protected activity, we concluded that a reliable showing of a sufficient relationship between the two had been made, and that the sentencing court's consideration of J.E.B.'s reading materials did not violate J.E.B.'s first amendment rights. *Id.* at 673, 469 N.W.2d at 200.

We therefore conclude that a sentencing court may consider a defendant's religious beliefs and practices only if a reliable nexus exists between the defendant's criminal conduct and the defendant's religious beliefs and practices. For example, it would be permissible for a court sentencing a defendant convicted of drug offenses to consider the defendant's religious practices as a factor at sentencing if those religious practices involve the use of illegal drugs.

Here, however, the record demonstrates no relationship between Fuerst's criminal conduct and Fuerst's beliefs system and his decision not to regularly attend church. While the court may consider a defendant's moral character and conduct demonstrating determinations of right and wrong, the court is not permitted to consider a defendant's beliefs system and religious activities without a relevant relationship between those beliefs and the criminal activity. *Id.* We therefore conclude that the trial court's consideration of Fuerst's beliefs system and his decision not to regularly attend church violated Fuerst's rights to freedom of religion and conscience under the United States and Wisconsin Constitutions.

We also do not hold that it is constitutionally impermissible to include information about the defendant's religious beliefs and practices on presentence reports as part of the description of the defendant's "whole person." Information about a defendant's religious history, as well as his or her personal and social history is important to considerations of the defendant's character. *See Williams v. New York*, 337 U.S. 241, 249 n.14 (1949). Viewing Fuerst's "whole person"

913

does not, however, authorize the court to deny probation or impose a sentence based upon factors such as church attendance and religious convictions.

The State argues that the court merely stated its belief that a defendant's possession of religious convictions and regular attendance at church could be mitigating factors. Thus, the State argues, the court did not consider religion at all. Not only does the record not support the State's contention, but even if it did, it is unconstitutional to use a lack of religious beliefs to determine an appropriate sentence. The court specifically cited Fuerst's lack of regular church attendance as one factor leading to its conclusion that probation was inappropriate. Moreover, the court said: "[Whether a person goes to church is] an indication as to their moral values, whether they know the difference between right and wrong and whether or not they respect people . . . and in looking at the mitigating circumstances . . . you could consider that under any one of [the factors in the sexual assault sentencing matrix]." These comments reiterated the court's willingness to consider a defendant's religious practices both as a mitigating or aggravating factor at sentencing, without limiting that consideration to circumstances where the defendant's religious practices are related to the defendant's criminal conduct. Just as the court may not consider specific religious beliefs and activities, the court may not consider the absence of religious beliefs and activities. The religious freedom provisions of the United States and Wisconsin Constitutions also guarantee persons the right to refrain from holding any religious convictions and engaging in religious activities.

The court had the opportunity at the postconviction hearing to clarify its statements concerning Fuerst's religious convictions and practices, and to state that it in fact did not consider those factors when it imposed sentence. The court, however, did not do so. Because the trial court did not state on the record that it was not considering Fuerst's lack of religious convictions, the State's contention that it in fact did not do so is contrary to the court's recorded remarks. We are therefore compelled to reverse the order, vacate the sentence and remand the matter for resentencing without the consideration of Fuerst's religious beliefs or practices.

Fuerst also contends that his sentence must be vacated because the court improperly considered his refusal to admit his guilt. A court is prohibited from imposing a harsher sentence solely because the defendant refused to admit his guilt. *Scales v. State*, 64 Wis. 2d 485, 495, 219 N.W.2d 286, 292 (1974). However, we previously held in *State v. Wickstrom*, 118 Wis. 2d 339, 361, 348 N.W.2d 183, 192 (Ct. App. 1984), that a sentencing court does not erroneously exercise its discretion by noting a defendant's lack of remorse as long as the court does not attempt to compel an admission of guilt or punish the defendant for maintaining his innocence. As in *Wickstrom*, here the sentencing court commented on Fuerst's denial as part of its consideration of whether Fuerst could be successfully rehabilitated and whether Fuerst would be likely to engage in future criminal conduct if placed on probation. Moreover, as in *Wickstrom*, Fuerst's lack of remorse was only one of many factors the sentencing court considered. Our supreme court stated in *State v.*

*Baldwin*, 101 Wis. 2d 441, 459, 304 N.W.2d 742, 752 (1981), that sentencing courts are "obligat[ed] to consider factors such as the defendant's demeanor, his need for rehabilitation, and the extent to which the public might be endangered by [the defendant's] being at large . . . . A defendant's attitude toward the crime may well be relevant in considering these things." We therefore conclude that the sentencing court properly considered Fuerst's refusal to admit his guilt as an indication of his lack of remorse.

A sexual assault of a child is a serious offense. The court may properly view as an aggravating factor Fuerst's betrayal of the trust placed in him. Our decision does not require the court to reduce the sentence imposed. We do, however, require that the sentence imposed be determined without consideration of Fuerst's religious beliefs or practices or matters of personal conscience. We are remanding this matter for resentencing so that the court may impose a sentence based upon consideration of proper factors. Our constitutionally guaranteed rights to religious freedom demand that the trial court impose a sentence that is not based upon Fuerst's religious belief system and practices.

*By the Court.*—Judgment vacated in part; order reversed and cause remanded with directions.