2001 SD 128

**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Christopher CLEGG, Defendant and Appellant.**

No. 21751.

Supreme Court of South Dakota.

Considered on Briefs Aug. 28, 2001.

Decided Oct. 24, 2001.

Mark Barnett, Attorney General, Craig M. Eichstadt, Deputy Attorney General, Pierre, for plaintiff and appellee.

Mitchell D. Johnson, Rapid City, for defendant and appellant.

KONENKAMP, Justice

[¶ 1.] Defendant pleaded no contest to sexual contact with a child to take the benefit of a plea agreement, whereupon charges for other sexual offenses were dismissed. A court-appointed expert who performed a sex offender evaluation questioned defendant's amenability to rehabilitation because he denied committing any sex offense. Defendant contends that the court in accepting his no-contest plea impermissibly considered his denial of guilt in imposing sentence. Because a defendant's denial as it relates to remorse and prospects for rehabilitation is a proper consideration in sentencing, we find no fault in the court's sentence and affirm.

**Background**

[¶ 2.] Christopher Clegg was charged by indictment with first degree rape, third degree rape, two counts of sexual contact with a child under sixteen, and two counts of criminal pedophilia. These offenses were allegedly perpetrated against two victims. Clegg entered a plea agreement under what is commonly termed the "benefit of the bargain." *See State v. Engelmann*, 541 N.W.2d 96, 101 (S.D.1995)(*citing North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970)). This arrangement permits a defendant to avoid the risk of trial, including multiple convictions carrying more severe punishments, and to obtain the benefit of a favorable plea bargain "even if he is unwilling or unable to admit his participation in the acts constituting the crime." *Alford*, 400 U.S. at 37, 91 S.Ct. at 167.

[¶ 3.] Clegg pleaded nolo contendere to one count of sexual contact with a child under sixteen, a violation of SDCL § 22–22–7. This offense involved Clegg's molestation of a nine-year-old girl. All other charges were dismissed, including a habitual offender information. The circuit court ordered a presentence report and a sex offender evaluation. Importantly for this case, defense counsel warned the court "not to expect [Clegg] to say much in the evaluation[;] . . . he will undergo the evaluation, but I don't want anybody to be expecting he will admit to this in the course of the evaluation." In turn, the court warned Clegg:

> You know since we're here, and so we don't have any outstanding issues, the more or less information I have to work with also bears on the sentence, and you understand that, Mr. Clegg?

> Defendant: Yes, sir.

[¶ 4.] During sentencing, Clegg's attorney reported that he had not seen the sex offender evaluation. After a recess to examine it, he then attempted to discredit part of the evaluation on the basis of his brief review. In pronouncing sentence, the court made remarks that Clegg believes violated his right to due process:

> Mr. Clegg, I have some grave concerns, and *it's not just with your denial* of the offense. It's primarily with the evaluation, and not the fact that you deny [your guilt in interviews with the evaluator]. (Emphasis added.)

> \* \* \*

> When it comes to sentencing, particularly in this instance, I think it's appropriate to focus on rehabilitation, and, [in the opinion of the evaluator], in your case, that is somewhat difficult. *It's not just based on your denial* . . . (Emphasis added.)

The maximum penalty for the crime in question is fifteen years imprisonment and a $15,000 fine. The court sentenced Clegg to twelve years in prison, with credit for time served, and imposed no fine.

## Analysis and Decision

[¶ 5.] Clegg argues that the trial court used his refusal to admit guilt as a basis for enhancing his sentence.[1] He cites decisions in other states for support. These cases deal with the question whether a court may penalize a defendant with a more severe sentence for unsuccessfully exercising the right to a jury trial.[2] An accused cannot be punished for standing trial rather than pleading guilty. *United States v. Jackson*, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968). Unquestionably, "this court would quickly set aside a sentence imposed in violation of the principle that no defendant should be punished for exercising [a] constitutional right[ ], including the right to trial by jury, if the record should establish such a claim." *State v. Braun*, 351 N.W.2d 149, 152 (S.D.1984)(Wollman, J., concurring). It follows that an inference of lack of remorse may not be drawn from an accused's plea of not guilty.

[¶ 6.] On the other hand, after exercising the right to trial, a defendant's continued refusal to take accountability may be considered as a sign of lack of remorse. *State of Wisconsin v. Fuerst*, 181 Wis.2d 903, 915, 512 N.W.2d 243, 247 (1994). "Repentance has a role in penology. But the premise of our criminal jurisprudence has always been that the time for repentance comes after trial." *Scott v. United States*, 419 F.2d 264, 270 (D.C.Cir. 1969). A sentencing court may consider a defendant's denial as part of its decision whether the defendant can be successfully rehabilitated. Rehabilitation must begin with an offender's acknowledgment of personal fault.

[¶ 7.] In contrast to the right to demand a jury trial, no right exists to enter a plea of nolo contendere. That plea may be offered only with the court's consent. SDCL 23A–7–3 (Rule 11(b)). Clegg asserts that by accepting his no-contest plea, the court "lulled [him] into an understandable belief that his lack of admitting guilt would not be used by the trial court as a factor on the range of his punishment." This assertion ignores the court's warning to Clegg that a failure to provide information for the sex offender evaluation would have a bearing on his sentence.

[¶ 8.] Of course, a judge should not lead a defendant to believe that the sentence after pleading no contest will be the same as a sentence on a guilty plea. There may be valid reasons to impose

---

1.  Clegg also argues that he received ineffective assistance of trial counsel because his attorney knew a sex offender evaluation had been ordered and prepared, but he neither requested a copy nor read it before sentencing. In *State v. Dillon*, 2001 SD 97, 632 N.W.2d 37, we said that, "absent exceptional circumstances," we would "not address an ineffective assistance claim on direct appeal." *Id.* at ¶ 28 (citing *State v. Hays*, 1999 SD 89 ¶ 14, 598 N.W.2d 200, 203). Our reading of the record does not reveal counsel error so egregious as to merit review on direct appeal. Therefore, we decline to address Clegg's ineffective assistance claims at this time.

2.  "[I]t is impermissible for a sentencing court to base its decision on a defendant's refusal to admit guilt." *State of Iowa v. Ruan*, 419 N.W.2d 734, 738 (Ct.App.1987). "A court cannot base its sentence even in part on a defendant's refusal to admit guilt." *People v. Yennior*, 399 Mich. 892, 282 N.W.2d 920 (1977). "A court is prohibited from imposing a harsher sentence solely because the defendant refused to admit his guilt." *State of Wisconsin v. Fuerst*, 181 Wis.2d 903, 915, 512 N.W.2d 243, 247 (1994).

different punishments. A no-contest plea by its nature suggests a decision to take less accountability than does a guilty plea. In its sentencing remarks, the court made clear that Clegg's refusal to admit guilt was a precondition for genuine remorse, and remorse, in turn, was a precondition for successful rehabilitation. If anything, the court only emphasized that refusal to admit guilt was an impediment to rehabilitation.

[¶ 9.] A defendant's remorse and prospects for rehabilitation are proper considerations in sentencing. *Ramos v. Weber*, 2000 SD 111, 616 N.W.2d 88; *State v. Chase in Winter*, 534 N.W.2d 350, 355 (S.D.1995). The court explained why it imposed the particular sentence: concern with defendant's denial and lack of remorse as it related to his prospects for rehabilitation. These were not the only matters the court examined. The record reveals that the court considered the gravity of the offense; its effect on the victim; Clegg's background, including his record of criminal conduct; and the interest of the public in retribution and deterrence. Clegg has not shown that the circuit court punished him for exercising any constitutional right.

[¶ 10.] Affirmed.

[¶ 11.] SABERS, Acting Chief Justice, and AMUNDSON, and GILBERTSON, Justices, concur.

[¶ 12.] MILLER, Retired Chief Justice, was a member of the Court at the time this action was submitted, but was disqualified and did not participate.