COURT OF APPEALS
DECISION
DATED AND FILED

August 26, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP2427-CR**

Cir. Ct. No. **2016CF250**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

DARNELL HARPER, JR.,

   DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Ozaukee County:  PAUL V. MALLOY, Judge.  *Affirmed*.

Before Neubauer, C.J., Gundrum and Davis, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM. Darnell Harper, Jr., appeals from a judgment convicting him upon his guilty pleas of fleeing/eluding an officer and second-degree recklessly endangering safety, both as a repeater.  He also appeals from the order denying his postconviction motion to withdraw those pleas based on his claim that defense counsel did not ensure that he fully understood his available options before pleading.  His arguments do not persuade us; we therefore affirm.

¶2      Police stopped a vehicle operated by Harper's sister for a suspended registration.   Harper was a passenger.   While the sister was being processed outside the car, Harper took the wheel and drove off at up to ninety-five mph on a state highway and I-43.  Ignoring the pursuing officer's emergency lights and sirens, Harper veered lane to lane and onto the roads' shoulders.  The officer abandoned the chase when he deemed the pursuit too dangerous.  Harper was charged with attempting to flee a traffic officer, obstruction, bail jumping, and first-degree recklessly endangering safety.

¶3      The State initially offered to dismiss the obstruction and bail-jumping charges and to recommend eight and one-half years' initial confinement (IC) plus three and one-half years' extended supervision (ES) if Harper would plead guilty to attempted flight and recklessly endangering safety.  Unhappy with his prison exposure, Harper chose to proceed to trial.

¶4      After further negotiations, the State presented a second offer comprising Option 1 and Option 2.  Under both, Harper would plead guilty to fleeing as a repeater, the obstruction and bail-jumping charges would be dismissed and read in, and the State would recommend a total of seven years' IC plus two years' ES.  But under Option 1, Harper would plead guilty to *first*-degree recklessly endangering safety, the State would request a presentence investigation

(PSI) report, and he would be free to argue sentencing. Under Option 2, he would plead guilty to *second*-degree recklessly endangering safety, no PSI would be requested, and he and the State jointly would recommend seven years' IC followed by two years' ES. Harper chose Option 2. A PSI was not ordered. The court sentenced him in accordance with the parties' joint recommendation.

¶5 Harper moved for postconviction relief on grounds that his plea was not knowing and voluntary due to ineffective assistance of counsel. He contended he had not fully understood his choices because (1) had counsel better explained that a PSI might have presented a more favorable sentencing recommendation, he would have taken Option 1 and (2) he did not understand that he could not argue for a sentence below the joint recommendation in Option 2.

¶6 The court granted Harper a *Machner*[1] hearing. Defense Attorney Matt Last testified that Harper rejected the State's initial plea offer of twelve years' imprisonment because Harper wanted the fewest number of charges. Last said he did not recall specifically what he told Harper with regard to a PSI but that he typically explains to clients that a PSI involves meeting with a Department of Corrections (DOC) agent who gathers broad background information, after which the agent usually makes a sentence recommendation. When Harper showed Last a DOC "PSI confinement grid," Last conceded he had not explained how the agent arrives at a sentencing recommendation and, in fact, was unaware of a specific DOC sentencing tool at the time he represented Harper.

---

[1] *See* **State vs. Machner**, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

¶7 Harper also testified. He told the court that pleading to second-degree reckless-endangerment always was important and that, while Last generally explained a PSI to him, he did not fully understand that it might include a sentencing recommendation below the parties' joint agreement. He also told the court that while he thought accepting Option 2 likely would result in seven years' IC, he also thought he still could argue for a lesser sentence.

¶8 The court noted it could not recall ever having seen the PSI sentencing grid. It also observed that, while a PSI can assist a defendant, it also carries the risk of revealing detrimental information. The court thus concluded that Last's unfamiliarity with the PSI grid was not deficient nor prejudicial, as Last achieved Harper's express goals of a lesser charge and a reduced sentence. Finding the failure to prove a manifest injustice requiring plea withdrawal, the court denied Harper's postconviction motion. He appeals.

¶9 A defendant who seeks to withdraw a guilty plea after sentencing must prove by clear and convincing evidence that a refusal to allow withdrawal of the plea would result in a "manifest injustice." *State v. Brown*, 2006 WI 100, ¶18, 293 Wis. 2d 594, 716 N.W.2d 906. Ineffective assistance of counsel is an example of a manifest injustice. *See State v. Bentley*, 201 Wis. 2d 303, 311, 548 N.W.2d 50 (1996). To prove ineffective assistance of counsel, a defendant must prove both deficient performance and resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "To prove constitutional deficiency, the defendant must establish that counsel's conduct falls below an objective standard of reasonableness." *State v. Love*, 2005 WI 116, ¶30, 284 Wis. 2d 111, 700 N.W.2d 62. "To prove constitutional prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a

probability sufficient to undermine confidence in the outcome." *Id.* (citations omitted).

¶10 Last testified that, while not then familiar with DOC processes or tools used in making its recommendations, his usual practice when advising clients about PSIs is to explain that a DOC agent will review their background, generate a report, and make a nonbinding sentencing recommendation. Last also testified that he discussed the two options with Harper, and that discussion is reflected in contemporaneous notes referenced in the course of his *Machner* testimony. Harper testified that Last advised him generally about the PSI process but did not advise him that Option 1 afforded him a chance that a PSI could have made a lesser recommendation, which the court might have accepted, as opposed to Option 2, under which he stood virtually no chance of a shorter sentence because courts generally adopt parties' joint sentence recommendations.

¶11 Harper has not shown either deficient performance regarding counsel's unfamiliarity with the DOC sentencing tool or prejudice from not having DOC's sentencing processes explained to him. In fact, Harper got the reduced charge and lesser sentence he sought—the issue is whether any failure by Harper's counsel to explain the options he was given rose to the level of deficient performance and, if so, whether Harper suffered prejudice as a result. Our review of the record indicates neither deficiency nor prejudice. Harper has not demonstrated that the trial court erred in finding, following a fully developed record that included a *Machner* hearing, that his counsel sufficiently advised him of his options. Nor has he demonstrated that the choice he made was prejudicial, as opposed to being based on unsupported speculation as to what might have occurred had he chosen Option 1. Simply put, that Harper may have had "buyer's remorse" over his choice is not grounds for relief. Disappointment in one's

eventual punishment is no ground for plea withdrawal. *State v. Booth*, 142 Wis. 2d 232, 237, 418 N.W.2d 20 (Ct. App. 1987).

¶12 On a final note, Harper contends the PSI agent "likely" would have recommended a lesser sentence. Perhaps so. But it is also possible that the recommendation could have been for a greater sentence. In any event, "recommendations in a PSI are not binding on the court." *State v. Greve*, 2004 WI 69, ¶10, 272 Wis. 2d 444, 681 N.W.2d 479. The sentencing court must consider "the gravity of the offense, the character of the defendant, and the need to protect the public." *State v. Ziegler*, 2006 WI App 49, ¶23, 289 Wis. 2d 594, 712 N.W.2d 76. Sentencing is left to the discretion of the trial court and appellate review is limited to determining whether there was an erroneous exercise of discretion. *State v. Gallion*, 2004 WI 42, ¶17, 270 Wis. 2d 535, 678 N.W.2d 197. When a proper exercise of discretion has been demonstrated, the sentencing court is presumed to have acted reasonably. *Id.*, ¶18.

¶13 The sentencing court here recognized Harper's fairly minor prior court record. Still, it observed that the imposed sentence was the best way to protect the public from the "outrageously dangerous" conduct Harper chose. Noting that the community should not have to be confronted with such ill-thought-out dangerous behavior, the court declined to order a lesser sentence. Postconviction, the same court echoed its sentencing rationale, commenting on the "exceptionally high" probability that Harper's high-speed flight easily could have killed or seriously maimed another. *See State v. Fuerst*, 181 Wis. 2d 903, 915, 512 N.W.2d 243 (Ct. App. 1994) (postconviction court has additional opportunity to explain sentencing rationale).

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.