STATE of Wisconsin, Petitioner-Respondent,

v.

Dennis R. THIEL, Respondent-Appellant.†

Court of Appeals

*No. 2011AP933. Submitted on briefs January 24, 2012.
—Decided March 14, 2012.*

2012 WI App 48

(Also reported in 813 N.W.2d 709.)

† Petition for Review filed.

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Jeffrey W. Jensen* of *Law Offices* of *Jeffrey W. Jensen*, Milwaukee.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Rebecca Rapp St. John*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Brown, C.J., Neubauer, P.J., and Reilly, J.

¶ 1. REILLY, J. Dennis R. Thiel spent more than a decade committed as a sexually violent person. In 2009,

Thiel petitioned the circuit court for supervised release. The court found that the statutory factors for release were met and ordered the Department of Health Services (DHS) to submit a plan for Thiel's supervised release. DHS wrote up a plan that included forty-eight rules for Thiel to follow. The circuit court approved the plan despite Thiel's objections to several of the rules. On appeal, Thiel limits his challenges to two of the rules: Rule 13, which requires him to comply with "all rules of any detention, treatment or correctional facility" in which he may be confined, and Rule 16, which requires him to submit to a lie detector test. We hold that the circuit court properly exercised its discretion in approving the plan and affirm the order.

## BACKGROUND

¶ 2. Thiel was convicted in 1993 of sexually assaulting a child and sent to prison for four years. Shortly before his release from prison, the State moved to have Thiel committed as a sexually violent person under WIS. STAT. § 980.01(7) (2009–10).[1] Thiel was adjudged to be a sexually violent person and was committed to the custody of DHS.[2]

¶ 3. In 2009, Thiel petitioned the circuit court for supervised release. The court found that the five factors for supervised release under WIS. STAT. § 980.08(4)(cg) were met and ordered DHS to submit a plan for Thiel's supervised release as required by § 980.08(4)(cm). DHS submitted a plan with forty-eight rules for Thiel to

---

[1] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

[2] The Department of Health and Family Services (DHFS) was renamed the Department of Health Services (DHS) on July 1, 2008. STATE OF WISCONSIN BLUE BOOK 417 (2011–12 ed.) For ease of reference, we will exclusively use DHS in this opinion.

follow. The court approved the DHS plan after an evidentiary hearing. Thiel objects to Rules 13 and 16.

¶ 4. Rule 13 states that Thiel "shall abide by all rules of any detention, treatment or correctional facility in which [Thiel] may be confined." Thiel objected to this rule on the grounds that WIS. STAT. ch. 980 is a civil rather than a criminal commitment, and therefore he cannot be held in a county jail. The State responded that WIS. STAT. § 980.08(7)(a) and (b) allow DHS to detain a sex offender on supervised release when the sex offender violates the terms of his supervised release or presents a threat to the safety of others. DHS has seventy-two hours after detaining a sex offender to decide whether to file a petition to revoke supervised release. Sec. 980.08(7)(c). The State argued that the county jail was the most appropriate place to quickly detain Thiel in the event that he violated the terms of his supervised release or presented a safety threat to others. The circuit court agreed with the State and ruled that the difference between Thiel being held in jail versus a treatment facility was insignificant and that the jail option made more logistical sense.

¶ 5. Rule 16 provides that Thiel "shall submit to the polygraph (lie detector) examination process as directed by DHS in accordance with Wisconsin Statutes [§] 51.375(2)." Thiel objected to Rule 16 as he was concerned that he would have to take the lie detector test at the Sand Ridge treatment facility, which is over two hours away from Thiel's home. Thiel requested that the test be given at his home so he would not miss time at work. The court inquired of the State as to why the lie detector test had to be taken at Sand Ridge and not the local sheriff's department. The State replied that it contracts with a polygraph expert at Sand Ridge. The circuit court found Rule 16 was reasonable.

## STANDARD OF REVIEW

¶ 6. The standard of review of a circuit court's approval of a supervised release plan under WIS. STAT. § 980.08(4)(g) has not previously been articulated. We agree with both the State and Thiel that the proper standard of review is the erroneous exercise of discretion standard. The objectives of WIS. STAT. ch. 980 are treatment of the offender and protection of the public. *See State v. Burris*, 2004 WI 91, ¶¶ 35–36, 273 Wis. 2d 294, 682 N.W.2d 812. Our supreme court has stated that circuit courts and DHS are entitled to "reasonable latitude" in trying to achieve these two objectives. *Id.* Also, this court has held that circuit courts have wide discretion in imposing the conditions of probation or extended supervision, and that we review such conditions under the erroneous exercise of discretion standard to determine if the circuit court's decision served the twin objectives of rehabilitation of the offender and protection of the public. *State v. Stewart*, 2006 WI App 67, ¶ 11, 291 Wis. 2d 480, 713 N.W.2d 165. A circuit court properly exercises its discretion if it relies on relevant facts in the record and applies a proper legal standard to reach a reasonable decision. *State v. Edmunds*, 2008 WI App 33, ¶ 8, 308 Wis. 2d 374, 746 N.W.2d 590.

## DISCUSSION

*Ripeness*

¶ 7. The State argues that Thiel's claims are not ripe for review because no circumstances have arisen where Rules 13 and 16 were sought to be enforced. The two fundamental considerations in a ripeness analysis are "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consider-

ation." *Abbott Labs. v. Gardner*, 387 U.S. 136, 148–49 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977). As to the first consideration, we hold that Thiel's claims are fit for judicial review. Thiel is not challenging how Rules 13 and 16 *would be* applied to him—he is instead arguing that the State has no statutory authority to impose these rules. "[A] purely legal claim is presumptively ripe for judicial review because it does not require a developed factual record." *Harris v. Mexican Specialty Foods, Inc.*, 564 F.3d 1301, 1308 (11th Cir. 2009) (discussing the difference between ripeness standards for "facial" constitutional challenges and "as-applied" challenges). Thiel's claims are ready for review as we are able to decide the merits of these two rules without additional factual development. *See Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 581 (1985).

¶ 8. Regarding the second consideration, assuming *arguendo* that the restraints are unlawful, Thiel would be forced to subject himself to an illegal action before he could challenge the rules. A party need not wait for actual harm to occur for a claim to be ripe. *Nebraska Public Power Dist. v. MidAmerican Energy Co.*, 234 F.3d 1032, 1038 (8th Cir. 2000). As Thiel is required to comply with the rules of his supervised release plan, he has a right to challenge those rules.

*Rule 13*

¶ 9. Rule 13 of the supervised release plan states that Thiel "shall abide by all rules of any detention, treatment or correctional facility in which [Thiel] may be confined." Thiel argues that this rule unlawfully gives DHS the power to hold him in a county jail or a

prison. Thiel's argument fails, as Rule 13 does not address where DHS may detain Thiel or under what circumstances; it simply requires Thiel to abide by all rules of whatever detention, treatment, or correctional facility he may find himself in. WISCONSIN STAT. § 980.08(7) addresses where a person on supervised release may be detained by DHS should the need arise.

¶ 10. WISCONSIN STAT. § 980.08(7)(a) and (b) provide that if a person on supervised release has violated any condition or rule of a supervised release plan, or if DHS believes a person on supervised release poses a threat to the safety of others, DHS may detain the person. Section 980.08(7)(c) expressly provides that detention may be "in a jail or a [mental health] facility described under s. 980.065." Section 980.08(7) thus expressly gives DHS the authority to place a person on supervised release in jail in the event a rules violation occurs. While Rule 13 does not give DHS the power to detain Thiel in prison solely for a rules violation, it does require Thiel to abide by all rules of the prison should he find himself detained there for other reasons (e.g., pending proceedings involving revocation of extended supervision or parole).

*Rule 16*

██

¶ 11. Rule 16 provides that Thiel "shall submit to the polygraph (lie detector) examination process as directed by DHS in accordance with Wisconsin Statutes [§] 51.375(2)." Thiel objects to the fact that the lie detector testing may be performed at the Sand Ridge treatment facility, which is over two hours away from his home. He argues that this arrangement violates WIS. STAT. § 980.08(6m), which provides that after an order for supervised release is approved, DHS "shall arrange

for control, care and treatment of the person in the least restrictive manner consistent with the requirements of the person and in accordance with the plan for supervised release approved by the court." According to Thiel, transporting him to Sand Ridge for a potential lie detector test is not "the least restrictive" option available.

¶ 12. We see no erroneous exercise of discretion on the part of the circuit court. WISCONSIN STAT. § 51.375(2) permits DHS to administer lie detector tests to sex offenders placed in the community. The use of lie detector tests to treat sex offenders does not violate due process. *Wilson v. Watters*, 348 F. Supp. 2d 1031, 1036 (W.D. Wis. 2004). WISCONSIN ADMIN. CODE § DHS 98.31(2)(a) (Feb. 2012) provides that a DHS agent must provide notice to a sex offender before administering a lie detector test. The notice must include the "[d]ate, time, and location of the scheduled test." Sec. DHS 98.31(2)(b). Where the test will occur is a discretionary decision for DHS to make and for a court to approve. The reason DHS requested that the lie detector test be given at Sand Ridge instead of a location closer to Thiel's home is because the State's polygraph expert is located at Sand Ridge. As the circuit court's decision to approve this course of action was a reasoned and reasonable determination, we affirm its discretionary decision.

## CONCLUSION

¶ 13. We hold that the circuit court appropriately exercised its discretion in approving Thiel's supervised release plan.

*By the Court.*—Order affirmed.