STATE of Wisconsin, Plaintiff-Respondent,

v.

Rachel M. HELMBRECHT, Defendant-Appellant.†

Court of Appeals

*No. 2015AP2300–CR. Submitted on briefs September 13, 2016. —Decided December 20, 2016.*

2017 WI App 5

(Also reported in 891 N.W.2d 412.)

† Petition for review filed.

On behalf of the defendant-appellant, the cause was submitted on the brief of *Hannah Schieber Jurss,* assistant state public defender of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Brad Schimel,* attorney general and *Gregory Weber,* assistant attorney general.

Before Kessler, Brennan and Brash, JJ.

¶ 1. KESSLER, J. Rachel M. Helmbrecht appeals a judgment of conviction, following a guilty plea, to one count of possession of methamphetamine. Helmbrecht also appeals the order denying her motion for postconviction relief, in which the circuit court denied her request for expungement. We affirm.

## BACKGROUND

¶ 2. On October 25, 2013, Helmbrecht was charged with one count of possession of methamphetamine. According to the criminal complaint, on October 22, 2013, employees at a West Allis hotel responded to a smoke alarm in one of the guest rooms and reported the smell of marijuana coming from that room. Helmbrecht, the occupant of the room, gave West Allis police permission to enter the hotel room. When police asked Helmbrecht to turn over any marijuana in her possession, she pulled out a black case from her purse and told officers the marijuana was " 'in here.' " Inside the black case, officers found a marijuana pipe, 0.4 grams of marijuana, a bottle containing the prescription medication Clonazepam, and seven bags containing a total of 1.2 grams of methamphetamine. Helmbrecht

told officers that she and her boyfriend found a backpack earlier in the day containing marijuana, pills, and " 'little white stuff, or maybe bath salts, or meth.' " Helmbrecht initially told officers that she had a prescription for Clonazepam, but ultimately admitted that she did not have a prescription. She also told officers that she did not take the "white crystalized substance," but told officers they " 'can't bash it until [they] try it.' "

¶ 3. Helmbrecht pled guilty to one count of possession of methamphetamine. In exchange for the plea, the State agreed to recommend six months in jail and to treat as uncharged the read-in offenses of possession of Clonazepam and marijuana referenced in the complaint.

¶ 4. As relevant to this appeal, at the sentencing hearing, defense counsel asked the court to order that Helmbrecht's "conviction be expunged upon successful completion [of her sentence]" because Helmbrecht's nursing career could face "big barriers" "in a CCAP-happy world." After considering the sentencing factors articulated in *State v. Gallion*, 2004 WI 42, 270 Wis. 2d 535, 678 N.W.2d 197, the circuit court ultimately imposed and stayed a twelve-month jail sentence and placed Helmbrecht on thirty months' probation with twelve months of stayed condition time. The court rejected the State's recommendation for a six-month jail sentence, noting that Helmbrecht was "in treatment" and was "fully employed right now and has made some changes since this case has been pending." The court also rejected defense counsel's request for expungement upon Helmbrecht's successful completion of her sentence, stating that it "cannot make the finding that society would not be harmed."

¶ 5. Helmbrecht filed a postconviction motion requesting the circuit court to "modify its previous order to reflect that [Helmbrecht] is eligible for expunction." (Some capitalization omitted.) Helmbrecht argued that the criteria set forth by the expunction statute, Wis. Stat. § 973.015 (2013–14),[1] properly applied to her and the circuit court erroneously exercised its discretion in denying her counsel's request to make her eligible for expunction.[2] Helmbrecht also argued that the circuit court had a duty to adequately set forth its reasons for denying her request and failed to do so.

¶ 6. The circuit court denied Helmbrecht's motion in a written order stating:

> The court has a *duty* at the time of sentencing to consider the relevant sentencing factors and to provide a rationale on the record for its sentencing decision. The court fails to properly exercise its discretion when it fails to make an appropriate sentencing record . . . .
>
> Expungement is unique because unless an expungement is requested at the time of the sentencing, the court has *no duty* under section 973.015, Stats., to consider an expungement, *even if the person is statutorily eligible for an expungement.* If an expungement is requested, the court may grant the request if the court finds that the person will benefit and that society will not be harmed[.] . . .
>
> [T]he court declines to alter its expungement ruling in this matter under the circumstances of this case. The

---

[1] All references to the Wisconsin Statutes are to the 2013–14 version unless otherwise noted.

[2] It is undisputed that the criteria set forth by Wis. Stat. § 973.015, requiring a defendant to be under twenty-five years of age "at the time of the commission of an offense for which the person has been found guilty in a court for violation of a law for which the maximum period of imprisonment is 6 years or less" applied to Helmbrecht. *See id.*

defendant was found in possession of approximately 23 pills of Clonazepam, a small amount of marijuana and 1.2 grams of methamphetamines packaged in seven individual packs. She told police (falsely) that she had a prescription for the pills. Regarding the methamphetamines, the State informed the court that she cavalierly stated to police, "You can't bash it until you tried it." The defendant was convicted of possession of methamphetamines while uncharged offenses of possession of marijuana and Clonazepam were read in for sentencing purposes. Although this case was the defendant's first adult conviction, her juvenile record included a drug related offense. Too, the sentencing memorandum submitted by the defense indicated that the defendant started taking methamphetamines in 2011 at the age of 22 and "eventually became a psychologically dependent intermittent binge user." Indeed the defendant told the court that she never stopped using [m]ethamphetamines for longer than a month since 2011 . . . .

The court considered the serious and addictive nature of the drug involved in this case. The court also considered the defendant's self-professed addiction to the drug and the fact that she brought it into this county . . . the court finds that society has a compelling and overriding interest in not only deterring people from using this drug but also in punishing people who bring this drug into this county, which historically has not seen a significant methamphetamine problem. The court finds that those interests would be compromised if this matter were expunged, and therefore, the court finds now, as it did at the time of sentencing, that society would be harmed if this conviction did not remain on the defendant's record.

(Emphasis in original; record citations omitted.)

¶ 7. This appeal follows.

## DISCUSSION

¶ 8.　Wisconsin Stat. § 973.015(1m)(a)1. authorizes the court to expunge certain criminal convictions of an offender under certain conditions if "the court determines the person will benefit and society will not be harmed by this disposition." A court will weigh the benefit of expungement to the offender against the harm to society. *See State v. Matasek*, 2014 WI 27, ¶ 41, 353 Wis. 2d 601, 846 N.W.2d 811. The determination of this sentencing issue involves the circuit court's discretion, which, on review, an appellate court will not disturb unless erroneously exercised. *Gallion*, 270 Wis. 2d 535, ¶ 17. "A circuit court properly exercises its discretion if it relies on relevant facts in the record and applies a proper legal standard to reach a reasonable decision." *State v. Thiel*, 2012 WI App 48, ¶ 6, 340 Wis. 2d 654, 813 N.W.2d 709.

¶ 9.　Helmbrecht argues that "[w]hile case law is clear that a circuit court exercises its discretion when deciding whether to order expungement of a conviction where a defendant is eligible, and that this discretion must be exercised at sentencing, . . . no Wisconsin published case law exists addressing how a circuit court properly exercises [its] discretion." She argues that Wis. Stat. § 973.015 "requires a sentencing court, when deciding whether to grant expungement, to consider specific factors unique to expungement [and] [t]he requirements of *Gallion* should apply to the exercise of discretion."

¶ 10.　The statute authorizing the expunction of a criminal conviction is found in Wis. Stat. § 973.015 and as pertinent here states:

when a person is under the age of 25 at the time of the commission of an offense for which the person has been found guilty in a court for violation of a law for which the maximum period of imprisonment is 6 years or less, the court may order at the time of sentencing that the record be expunged upon successful completion of the sentence if the court determines the person will benefit and society will not be harmed by this disposition.

WIS. STAT. § 973.015(lm)(a)1.

¶ 11. The statute at issue here clearly contemplates the exercise of discretion by the sentencing court and puts forth two factors for the sentencing court to utilize in exercising that discretion after it determines whether a defendant is indeed eligible for expunction: (1) whether the person will benefit from expungement and (2) whether society will be harmed by the expungement. "The term 'discretion' contemplates a process of reasoning which depends on facts in the record or reasonably derived by inference from the record that yield a conclusion based on logic and founded on proper legal standards." *See State v. Delgado*, 223 Wis. 2d 270, 280, 588 N.W.2d 1 (1999). "The record on appeal must reflect the circuit court's reasoned application of the appropriate legal standard to the relevant facts of the case." *See id.* at 281. The analysis starts with the presumption that the court has acted reasonably, and the defendant-appellant has the burden to show unreasonableness from the record. *State v. Haskins*, 139 Wis. 2d 257, 268, 407 N.W.2d 309 (Ct. App. 1987).

¶ 12. We hold that in assessing whether to grant expungement, the sentencing court should set forth in

the record the facts it considered and the rationale underlying its decision for deciding whether to grant or deny expungement. Such is the exercise of discretion contemplated both by the statute and our supreme court's pronouncement in *Gallion*, 270 Wis. 2d 535, ¶ 19 (The exercise of discretion contemplates a process of reasoning: " 'This process must depend on facts that are of record or that are reasonably derived by inference from the record and a conclusion based on a logical rationale founded upon proper legal standards.' ") (citation omitted). Thus, in exercising discretion, the sentencing court must do something more than simply state whether a defendant will benefit from expungement and that society will or will not be harmed. We have repeatedly held that the utterance of "magic words" is not the equivalent of providing a logical rationale. Rather, the sentencing record should reflect the process of reasoning articulated in *Gallion*.

■

¶ 13. In so holding, we conclude that the sentencing court did properly exercise its discretion in denying Helmbrecht's motion for expungement. A sentencing court is generally afforded a strong presumption of reasonability, and if our review reveals that discretion was properly exercised, this court follows " 'a consistent and strong policy against interference with the discretion of the trial court in passing sentence.' " *See id.*, ¶ 18 (citation omitted). Our analysis includes consideration of postconviction orders because a circuit court has an additional opportunity to explain its sentence when challenged by a postconviction motion. *See State v. Fuerst*, 181 Wis. 2d 903, 915, 512 N.W.2d 243 (Ct. App. 1994).

¶ 14. In a thorough, well-reasoned written post-conviction decision, the sentencing court determined that expungement of Helmbrecht's record would undermine the primary sentencing purposes of deterrence and punishment. The court noted that Helmbrecht had multiple types of drugs in her possession at the time of her arrest—marijuana, a prescription medication for which she did not have a prescription, and methamphetamine. The court noted that Helmbrecht: had a drug-related offense as a juvenile offender; flippantly told officers, upon her arrest, not to "bash [methamphetamine] until [they've] tried it"; was an admitted, long-term methamphetamine user; and brought the drug into Milwaukee County from a different county, thereby creating the risk that the drugs "are finding their way into Milwaukee County." The court acknowledged Helmbrecht's accomplishments, but expressed concern over Helmbrecht's admitted long-term drug use as a medical professional. The court ultimately found that "society has a compelling and overriding interest in not only deterring people from using this drug but also in punishing people who bring this drug into this county, which historically has not seen a significant methamphetamine problem." The court concluded "that those interests would be compromised if this matter were expunged." The court's determination reasonably implied its conclusion that the harm to society outweighed the benefit to Helmbrecht.

¶ 15. Accordingly, we affirm the circuit court.

*By the Court.*—Judgment and order affirmed.