COURT OF APPEALS
DECISION
DATED AND FILED

June 29, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP12-CR**

Cir. Ct. No. **2019CM1082**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT I**

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

LARRY A. BROWN,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Milwaukee County: JACK L. DAVILA, Judge. *Affirmed.*

¶1 BRASH, P.J.[1] Larry A. Brown appeals his judgment of conviction with regard to his sentence, specifically relating to the trial court's denial of his motion to expunge the conviction from his record. Brown argues that the court

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

erroneously exercised its discretion in making this decision because it did not properly consider the statutory factors for expunction. Upon review, we affirm.

## BACKGROUND

¶2 Brown was arrested for theft by embezzlement of an amount less than $2,500 after an investigation into suspicious transactions at a 7-Eleven store in Wauwatosa, where Brown was an employee. Brown admitted to performing cash sales for customers, taking the cash, and then cancelling the sales so that his cash register did not reflect a shortage. He admitted to doing this over 200 times, stealing "around $1,450.19" in this manner. These thefts occurred from August 2016 through November 2016, when Brown was nineteen/twenty years old.

¶3 The Milwaukee District Attorney's office gave Brown an early intervention deferred prosecution agreement (DPA) for this charge. However, that DPA was revoked when Brown was charged in July 2018 with possession of THC and carrying a concealed weapon in Milwaukee County Circuit Court Case no. 2018CM2460. Brown entered into a plea agreement with the State for that case in April 2019, and was sentenced to four months in the House of Corrections; that sentence was stayed for twelve months of probation.[2]

---

[2] Milwaukee County Circuit Court Case no. 2018CM2460 was presided over by the Honorable David Borowski. The information regarding the charges, plea, and sentence were obtained from CCAP—Wisconsin's Consolidated Court Automation Programs, which reflects information entered by court staff—of which we may take judicial notice. *See* WIS. STAT. § 902.01; *see also* **Kirk v. Credit Acceptance Corp.**, 2013 WI App 32, ¶5 n.1, 346 Wis. 2d 635, 829 N.W.2d 522.

¶4   As a result of the revocation of the DPA in this case, Brown pled guilty to the theft by embezzlement charge in February 2020. At the plea and sentencing hearing, the trial court imposed a term of four months in the House of Corrections, which was stayed for twelve months of probation. Restitution was also ordered in the amount that was stolen.

¶5   Additionally, Brown requested at that hearing that his conviction be expunged from his record once he had successfully completed his probation. The trial court denied this request, noting the charges in 2018CM2460. This appeal follows.

## DISCUSSION

¶6   Expunction of a conviction may be ordered by the trial court at the time of sentencing if the defendant is under the age of twenty-five at the time the crime was committed, and the maximum period of imprisonment for the crime is six years or less. WIS. STAT. § 973.015(1m)(a)1. If those eligibility requirements are met, the trial court considers at the time of sentencing whether, upon the defendant's successful completion of the sentence, the expunction of the conviction would benefit the defendant, and whether "society [would] be harmed" by that disposition. *Id.* This determination is within the trial court's discretion, and we will not disturb that decision unless that discretion was exercised erroneously. *State v. Helmbrecht*, 2017 WI App 5, ¶8, 373 Wis. 2d 203, 891 N.W.2d 412. A trial court properly exercises its discretion "'if it relies on relevant facts in the record and applies a proper legal standard to reach a reasonable decision.'" *Id.* (citation omitted).

¶7   Brown argues that the trial court did not consider the statutory factors in denying his request for the expunction of this conviction. Rather, he

asserts that the trial court's reasoning was based on Judge Borowski's denial of the same request in 2018CM2460. The State concedes that the trial court did not specifically reference the factors of the expunction statute when it made its decision in this case, but argues that "magic words" are not necessary as long as the trial court provides its "process of reasoning[.]" *See id.*, ¶12.

¶8 This court "will search the record for reasons to sustain the [trial] court's discretionary decision." **State v. Thiel**, 2004 WI App 225, ¶26, 277 Wis. 2d 698, 691 N.W.2d 388. Our analysis "starts with the presumption that the court has acted reasonably, and the defendant-appellant has the burden to show unreasonableness from the record." *See* **Helmbrecht**, 373 Wis. 2d 203, ¶11.

¶9 In reviewing the record of the trial court's decision here, it reflects that when counsel for Brown requested expunction at sentencing, the trial court responded "No. Borowski didn't allow expungement. I'm not gonna allow expungement.… He's now got two crimes [on his record]."[3] The court then went on to discuss the nature of the theft by embezzlement charge in this case—that it was "a scheme" that was perpetrated "over a period of time" and was not just "a one-day affair," as the money was stolen via more than 200 transactions over a three-month period "before they finally caught on."

¶10 Additionally, the trial court reviewed a memorandum regarding the probation sentence Brown received in 2018CM2460. That memorandum indicated that Brown had been compliant with the terms of his probation "for the

---

[3] It is unclear from the record in this case where the trial court obtained the information that Judge Borowski had denied expunction in 2018CM2460; to the contrary, a CCAP entry relating to the sentence imposed in that case states: "Upon successful completion of this sentence, the [c]ourt may consider expungement."

most part." However, Brown missed an appointment with his probation agent in May 2019, and although he reported two days later, a urine screen was not taken because Brown admitted to having used THC the week before. Brown missed another appointment in August 2019, but reported in September 2019 as directed by his agent. Furthermore, the court noted that Brown had received a speeding ticket while driving without a valid driver's license.

¶11 Counsel for Brown then renewed his request for expunction. The trial court responded that the issue of expunction was "dead." The court referenced the charges in 2018CM2460, stating that if Brown had not "picked up" those charges, the court would have "[thought] about" granting expunction. The court further noted that Brown had been given a "big break" with the DPA for the theft by embezzlement charge in this case, but then had "walk[ed] around with a gun," referring to the charge for carrying a concealed weapon in 2018CM2460.

¶12 Based on these facts as discussed by the trial court, it can be inferred that the court believed the theft by embezzlement charge to be a serious crime that did not warrant expunction. Furthermore, the trial court's references to Judge Borowski's denial of expunction in 2018CM2460 indicate that the court considered Brown's commission of additional crimes while under the DPA in its decision to deny expunction in this case. In other words, by considering all of these facts, the trial court appeared to "weigh the benefit of expungement to the offender against the harm to society" as required, ultimately determining that the harm of expunging this conviction from Brown's record outweighed any benefit to him. *See id.*, ¶8.

¶13 "Regardless of the extent of the trial court's reasoning, we will uphold a discretionary decision if there are facts in the record which would

support the trial court's decision had it fully exercised its discretion." ***State v. Shillcutt***, 116 Wis. 2d 227, 238, 341 N.W.2d 716 (Ct. App. 1983). Based on the record before us, we conclude that the record supports the trial court's decision to deny Brown's expunction request, *see **id.***, and Brown has not overcome his burden of demonstrating that this denial was unreasonable, *see **Helmbrecht***, 373 Wis. 2d 203, ¶11. Accordingly, we affirm.[4]

> *By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[4] The State also argues that any error by the trial court in this matter was harmless, based on recent information regarding Brown's discharge from probation. As we are affirming the trial court pursuant to the reasoning set forth in this opinion, we do not reach that argument. *See **Cholvin v. DHS***, 2008 WI App 127, ¶34, 313 Wis. 2d 749, 758 N.W.2d 118.