COURT OF APPEALS
DECISION
DATED AND FILED

November 24, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2021AP1018-CR**

Cir. Ct. No.  **2019CF280**

STATE OF WISCONSIN

**IN COURT OF APPEALS
DISTRICT IV**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

V.

SEAN D. DAY,

    DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Grant County:  ROBERT P. VAN DE HEY, Judge.  *Affirmed*.

¶1     GRAHAM, J.[1]  Sean Day appeals a judgment of conviction for fourth-degree sexual assault and a circuit court order denying his motion for

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version.

postconviction relief. Specifically, Day challenges the court's denial of his request that the record of his conviction be expunged upon successful completion of probation. I conclude that the court did not erroneously exercise its discretion, and therefore, I affirm.

## BACKGROUND

¶2 According to the criminal complaint, Day, who was a seventeen-year-old high-school senior, had sexual contact with a fourteen-year-old girl on multiple occasions in November 2019. Day was charged with one count of repeated sexual assault of a child contrary to WIS. STAT. § 948.025(1)(e), a felony offense. In exchange for Day's agreement to plead no contest to a reduced charge, the State agreed to amend the charge to fourth-degree sexual assault, a misdemeanor offense. *See* WIS. STAT. § 940.225(3m).

¶3 This was not the first time that Day was convicted for conduct involving sexual activity with a child. At the time Day committed the assaults at issue in this case, he was on probation in an earlier case, Grant County case No. 2019CM206, for violating WIS. STAT. § 948.093 (prohibiting persons under nineteen from having sexual intercourse with a child aged fifteen or older). The conduct charged in the present case occurred approximately three weeks after Day was convicted and placed on probation in case No. 2019CM206. Day's probation in case No. 2019CM206 was revoked as a result of the new charge, and he spent four months in jail.

¶4 During the plea and sentencing hearing in the present case, Day's attorney asked the circuit court to place Day on probation and to order that the conviction be expunged from his criminal record upon successful completion of probation. His attorney explained that Day was a young man who had "made

2

mistakes," but that "this has become very real for him by actually sitting jail time." The attorney expressed confidence that Day would "not squander this opportunity," and that he would use it "to make himself better, to learn from his mistakes, and to become a productive member of society." The court accepted Day's plea, found him guilty, imposed and stayed a nine-month jail sentence, and placed him on probation for two years. The court did not directly address Day's request for expungement during the hearing.

¶5      After the hearing, Day sent a letter asking the circuit court to rule on the expungement request and amend the judgment of conviction accordingly. In its response, the court stated that it had intended to deny the request "primarily because Mr. Day was already provided an opportunity to expunge his first case and failed, rendering an expungement in this case of limited value to him." The court later explained that the reason it "forgot to address expungement" during the sentencing hearing was because it did not intend to grant expungement.

¶6      Day filed a postconviction motion asking the circuit court to reconsider its decision or, in the alternative, to set forth its reasons for denying expungement on the record.[2] Day argued that his conviction was eligible for expungement under WIS. STAT. § 973.015(1m)(a)1., and that the court erroneously exercised its discretion in denying his request. During the hearing that followed, the State opposed expungement and the court set forth its reasons for denying expungement on the record. I recount Day's arguments in favor of expungement and the court's reasons for denying expungement in greater detail below.

---

[2] The postconviction motion also raised a challenge to the circuit court's imposition of restitution, but Day later retracted this challenge and I address it no further.

3

¶7 Day appeals the judgment of conviction and the order denying his motion for postconviction relief.

## DISCUSSION

¶8 The sole issue on appeal is whether the circuit court properly denied Day's request for expungement under WIS. STAT. § 973.015(1m)(a)1. Subject to exceptions that are inapplicable here, that statute provides in pertinent part:

> [W]hen a person is under the age of 25 at the time of the commission of an offense for which the person has been found guilty in a court for violation of a law for which the maximum period of imprisonment is 6 years or less, the court may order at the time of sentencing that the record be expunged upon successful completion of the sentence if the court determines the person will benefit and society will not be harmed by this disposition.

The State has not disputed Day's eligibility for expungement under this statute.[3]

¶9 A circuit court exercises discretion when it determines whether a record of conviction should be expunged under WIS. STAT. § 973.015(1m)(a)1. *State v. Helmbrecht*, 2017 WI App 5, ¶8, 373 Wis. 2d 203, 891 N.W.2d 412 (2016). "'The term discretion contemplates a process of reasoning'" based on the facts and reasonable inferences in the record that "'yield[s] a conclusion based on

---

[3] WISCONSIN STAT. RULE 809.19 requires a respondent to file a response brief. Despite warnings from this court that failure to file a responsive brief could result in summary reversal, *Raz v. Brown*, 2003 WI 29, ¶¶18, 32, 260 Wis. 2d 614, 660 N.W.2d 647, the respondent in this case, the State of Wisconsin, has not done so. Under these circumstances, I could deem the State's failure to file a respondent's brief as a concession that the circuit court erred. *State ex rel. Blackdeer v. Township of Levis*, 176 Wis. 2d 252, 260, 500 N.W.2d 339 (Ct. App. 1993). Although I caution the State against failing to comply with court rules, I proceed to address the merits of this case because, based on my independent review of the record, I conclude that Day's arguments, although ably presented, do not overcome the "strong presumption of reasonability" given to sentencing decisions of the circuit court. See infra ¶9.

logic and founded on proper legal standards.'" *Id*., ¶11 (quoted source omitted). When determining whether to order expungement, a circuit court "weigh[s] the benefit of expungement to the offender against the harm to society," and the record "should reflect the [court's] process of reasoning." *Id.*, ¶¶8, 12. On review, an appellate court will not disturb the circuit court's decision unless it erroneously exercised its discretion. *Id.*, ¶8. "A sentencing court is generally afforded a strong presumption of reasonability," *id.*, ¶13, and it is the appellant's burden to overcome the presumption that the circuit court reasonably exercised its discretion, *id.*, ¶11.

¶10 Here, having considered the circuit court's reasoning at the time of judgment and as further elaborated on during the postconviction hearing,[4] I conclude that the circuit court did not erroneously exercise its discretion. During the postconviction hearing, the circuit court unequivocally agreed that Day "would benefit from expungement[.]" Nevertheless, upon balancing the benefit to Day against the harm to society, the court articulated three reasons for denying Day's request. Each provided a reasonable basis for the court's decision.

¶11 First, the circuit court explained that expungement would be less meaningful in this case because Day has a criminal conviction in case No. 2019CM206 that will not be expunged. As the court explained:

> [W]hile there may be two similar offenses here, part of the
> purpose behind the expungement was to give individuals
> who made a mistake a chance to overcome that. The

---

[4] My analysis includes consideration of the circuit court's reasoning during the postconviction hearing because a circuit court has an additional opportunity to explain its sentence when challenged by a postconviction motion. *See* **State v. Helmbrecht**, 2017 WI App 5, ¶13, 373 Wis. 2d 203, 891 N.W.2d 412 (2016) (citing **State v. Fuerst**, 181 Wis. 2d 903, 915, 512 N.W.2d 243 (Ct. App. 1994)).

> statute doesn't prohibit giving multiple opportunities, but it's more meaningful for someone to be able to maintain a record without any convictions than whether that person has one or two or three or a different number.

¶12    Second, the circuit court noted that it did not appear that Day appreciated the seriousness of his criminal conduct, since he committed the offense in this case so soon after he was put on probation for similar conduct in case No. 2019CM206.  As the court explained, the sequence of Day's criminal conduct "separates this particular fact situation from most of the other [cases] where I do almost, as a matter of course, grant expungement."

¶13    Third, the circuit court noted that the State originally charged Day with a "40-year felony," and a conviction for that offense would not have been statutorily eligible for expungement.  As the court explained, the State had been willing to reduce the charge to a misdemeanor, and to "turn around and order expungement for a charge that originally could not have been expunged" would "deter the district attorney's offices from making these types of offers."[5]

¶14    In his postconviction motion, Day put forth several reasons that the circuit court could have reached a different result, and he renews these arguments on appeal.  Day argues that his conduct, while illegal, did not involve threatening behavior of the use of force.  He contends that having two such convictions on his record will "haunt [him] for the rest of his life" far more than a single conviction, especially since the conviction in this case is labeled an "assault."  He points to a

---

[5] Day argues that there is no factual basis in the record supporting the circuit court's reasoning that expungement would deter district attorneys from amending charges.  At the same time, however, Day acknowledges that it is not unreasonable to conclude that the possibility of expungement may be a factor taken into account by a district attorney when deciding how or whether to amend a charge.

psychosexual assessment, which concludes that his conduct was age-appropriate from a developmental psychological perspective and that his chances of recidivism are low. Finally, he asserts that the time he spent in jail was a "wake-up call," and that he has learned from the incident. According to Day, these facts establish that the benefit he would receive from expungement outweighs the harm against society.

¶15 Day's arguments in favor of expungement are well stated, both in his postconviction motion and on appeal, and they might have persuaded the circuit court. However, the court considered these arguments and rejected them in favor of the reasons explained above. "A sentencing court is generally afforded a strong presumption of reasonability," *Helmbrecht*, 373 Wis. 2d 203, ¶13, and the argument that the court could or should have balanced the harm to society and benefit to Day differently does not demonstrate an erroneous exercise of discretion.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.