COURT OF APPEALS
DECISION
DATED AND FILED

December 9, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP52-CR**

Cir. Ct. No. **2015CF290**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

PETER G. HAMILTON,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Columbia County: TODD J. HEPLER, Judge. *Reversed and cause remanded with directions.*

Before Kloppenburg, Fitzpatrick, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Peter Hamilton was convicted in the Columbia County Circuit Court of operating a vehicle without the owner's consent, and the circuit court placed him on probation for that offense. After Hamilton's probation was revoked, the court sentenced him to one and one-half years of initial confinement followed by two years of extended supervision. Hamilton argues that the circuit court erroneously exercised its discretion at sentencing by failing to consider the gravity of the underlying offense for which he was convicted. We agree and, therefore, reverse and remand this matter to the circuit court for resentencing.

## BACKGROUND

¶2 There is no dispute as to the following facts.

¶3 Hamilton was stopped in Lodi, Wisconsin, by an officer with the Lodi Police Department after the officer observed a vehicle driven by Hamilton fail to stop at a stop sign. When the officer communicated information about the vehicle to Columbia County dispatch, the officer was informed that the vehicle had been recently stolen in Illinois. After obtaining a search warrant, the officer searched the vehicle and located THC and drug paraphernalia.

¶4 Hamilton was charged with operating a vehicle without the owner's consent, possession of THC as a party to a crime, and possession of drug paraphernalia as a party to a crime. Pursuant to a plea agreement, Hamilton entered a plea of no contest to operating a vehicle without the owner's consent, and the State agreed to dismiss and read in at sentencing the remaining charges. Both parties jointly recommended that the circuit court withhold sentence and order two years of probation for Hamilton. The court accepted the parties' agreement and placed Hamilton on probation for two years. At the initial plea and

sentencing hearing, the circuit court provided only the following sentencing remarks:

> The Court has reviewed the criminal complaint in this matter and will find the joint recommendation to be appropriate. I'm going to dismiss Counts 2 through 4 and withhold sentence on Count 1, placing you on probation for two years. During that time, you will be required to pay court costs of $518 and restitution of $375, and the 10 percent surcharge, which, I think, totals $412.50. You will be required to undergo alcohol or other drug abuse assessment, and follow any treatment recommendations, and to provide a DNA sample.

¶5    While on probation, Hamilton violated the rules of his probation by operating a vehicle without the owner's consent, leaving the state without agent approval, and entering a building and taking property without permission. As a result, Hamilton's probation was revoked and he returned to the circuit court for sentencing after revocation. At the sentencing hearing, the State asked the court to impose the maximum sentence allowable by statute while Hamilton requested a twelve-month jail sentence. The court agreed with the State and imposed the maximum sentence—one and one-half years of confinement followed by two years of extended supervision.

¶6    Because the circuit court's sentencing remarks after revocation of probation are central to our analysis, we reproduce those remarks in full as slightly edited for clarity:

> This was an offense that occurred in 2015. Mr. Hamilton was placed on probation; went along for a couple years in 2017.
>
> But in looking over the probation warrant and summary, I don't know that I share the same … perspective as [defense counsel] as far as [Hamilton being] largely successful on probation.

It paints a picture of Mr. Hamilton continually using drugs throughout that time, which certainly may be part of the reason that he is acting the way he is. It's hard to separate drug use and its [e]ffects on a person [from] mental illness. Sometimes drug use exacerbates mental illness. There are all those factors.

And there is a recurrent use of drugs throughout that summary that's painted, clearly in violation of his probation and I suspect leads to some of the other infractions that are cited in that summary.

The court has to look at in sentencing protection of the public, punishment of the defendant, rehabilitation of the defendant and deterrence of others.

The first step the court takes is to place somebody on probation when they feel that rehabilitation can occur in the community. I think Mr. Hamilton has shown that that is not possible at this point.

Obviously probation is no longer an option since probation has been revoked, but I do think that his performance on probation has shown that rehabilitation in a confined setting is required both for Mr. Hamilton's good to get the AODA and the mental health treatment he needs and to protect the public in this case.

So for all those reasons, I am going to impose initial confinement in the amount of one and a half years and two years of extended supervision, consecutive to any other sentences.

¶7    Hamilton's postconviction counsel filed a motion for resentencing arguing that the circuit court erroneously exercised its discretion by failing to consider the gravity of the offense when it imposed Hamilton's sentence. The circuit court held a hearing and denied the motion. Pertinent to this appeal, the court stated the following at the postconviction hearing:

So regardless of the severity of the offense -- the severity is I guess equated with the frequency of the infraction and the repeated nature of the infraction for the use of drugs.

The court's sentence was within the guidelines. And while it may not have been the primary factor, it was

considered as part of this. Simply the other factors were
more geared to the sentence imposed.

Hamilton appeals. We will mention other material facts in the following discussion.

## DISCUSSION

¶8      Hamilton argues that he is entitled to resentencing because the circuit court erroneously exercised its discretion in sentencing him. Specifically, Hamilton contends that the court failed to consider the gravity of the offense for which he was convicted: operating a vehicle without consent.[1]

¶9      We begin by setting forth our standard of review and governing principles regarding the requirement that a circuit court consider certain factors when determining a sentence.

### I.  Standard of Review and Governing Principles Regarding Sentencing.

¶10      We review a circuit court's sentencing determination for an erroneous exercise of discretion. *State v. Gallion*, 2004 WI 42, ¶17, 270 Wis. 2d 535, 678 N.W.2d 197. An exercise of discretion "contemplates a process of reasoning. This process must depend on facts that are of record or that are

---

[1] Hamilton also argues that the record does not support the circuit court's imposition of the maximum allowable sentence because his offense was not an "aggravated breach of the statutes." We will not address this argument because it was raised for the first time in the reply brief. *See Techworks, LLC v. Wille*, 2009 WI App 101, ¶28, 318 Wis. 2d 488, 770 N.W.2d 727 ("[W]e do not consider matters argued for the first time in a reply brief because that precludes the respondent from being able to address those arguments."). In addition, we do not address this argument because our conclusion that the court erroneously exercised its discretion by failing to consider the gravity of the underlying offense is dispositive. *See Barrows v. American Fam. Ins. Co.*, 2014 WI App 11, ¶9, 352 Wis. 2d 436, 842 N.W.2d 508 (2013) ("An appellate court need not address every issue raised by the parties when one issue is dispositive.").

reasonably derived by inference from the record and a conclusion based on a logical rationale founded upon proper legal standards." *McCleary v. State*, 49 Wis. 2d 263, 277, 182 N.W.2d 512 (1971). "[I]n any instance where the exercise of discretion has been demonstrated, the appellate court follows a consistent and strong policy against interference with the discretion of the [circuit] court in passing sentence." *Gallion*, 270 Wis. 2d 535, ¶18. However, a "circuit court erroneously exercises its discretion if it applies an improper legal standard." *State v. Jackson*, 2014 WI 4, ¶43, 352 Wis. 2d 249, 841 N.W.2d 791.

¶11 When making a sentencing determination, a circuit court is required to consider three primary factors—(1) the protection of the public; (2) the gravity of the offense; and (3) the rehabilitative needs of the defendant—as well as any applicable mitigating or aggravating factors. WIS. STAT. § 973.017(2) (2019-20)[2]; *State v. Salas Gayton*, 2016 WI 58, ¶22, 370 Wis. 2d 264, 882 N.W.2d 459. The

---

[2] WISCONSIN STAT. § 973.017(2) provides, in full:

(2) GENERAL REQUIREMENT. When a court makes a sentencing decision concerning a person convicted of a criminal offense committed on or after February 1, 2003, the court shall consider all of the following:

(ad) The protection of the public.

(ag) The gravity of the offense.

(ak) The rehabilitative needs of the defendant.

(b) Any applicable mitigating factors and any applicable aggravating factors, including the aggravating factors specified in subs. (3) to (8).

We will generally refer to each factor listed in § 973.017(2)(ad)-(ak) as a "required factor."

All subsequent references to the Wisconsin Statutes are to the 2019-20 version unless otherwise indicated.

weight to be given each required factor is within the discretion of the circuit court after all have been considered. **State v. Wickstrom**, 118 Wis. 2d 339, 355, 348 N.W.2d 183 (Ct. App. 1984).

¶12 Further, the circuit court must, "by reference to the relevant facts and factors, explain how the sentence's component parts promote the sentencing objectives." **Gallion**, 270 Wis. 2d 535, ¶46; *see also* WIS. STAT. § 973.017(10m)(a) ("The court shall state the reasons for its sentencing decision and … shall do so in open court and on the record."). Our supreme court has observed that the necessary amount of explanation "will vary from case to case." **Gallion**, 270 Wis. 2d 535, ¶39. Additionally, requiring explanation of the sentence imposed "is not intended to be a semantic trap for circuit courts" nor is it "intended to be a call for ... 'magic words.'" **Id.**, ¶49.

¶13 Based on the required factors set forth in WIS. STAT. § 973.017(2), and the directive that a court explain its reasons for its sentencing decision on the record, Wisconsin courts have recognized that a sentencing court must provide an on-the-record explanation of its consideration of the required factors. **Gallion**, 270 Wis. 2d 535, ¶¶37-38, 40 & n.10 (holding that "[c]ircuit courts are required to specify the objectives of the sentence on the record" and referencing the required factors set forth in § 973.017(2)); **State v. Bolstad**, 2021 WI App 81, ¶27, ___ Wis. 2d ___, ___ N.W.2d ___ ("[T]he law requires that the circuit court consider the gravity of the underlying offense and that such consideration be discernible in the record."). "When the circuit court has not explicitly identified any of the three required factors that it used in exercising its discretion, the appellate court must search the record to determine whether the circuit court considered each of the required factors in its 'exercise of *proper* discretion.'" **Bolstad**, 2021 WI App 81, ¶19 (quoting **McCleary**, 49 Wis. 2d at 282). Therefore, if the record demonstrates

that the circuit court failed to consider any of the required factors, then the court has erroneously exercised its discretion by applying an "improper legal standard." *See Jackson*, 352 Wis. 2d 249, ¶43.

¶14    Recently, in *State v. Bolstad*, this court examined whether a circuit court's sentencing decision sufficiently considered the gravity of the underlying offense as required by WIS. STAT. § 973.017(2).  In that case, the defendant's probation was revoked, and the circuit court held a sentencing hearing after revocation.  *Bolstad*, 2021 WI App 81, ¶5.  The circuit court referenced the defendant's revoked probation and stated, "I am left with sentencing you on the crime that I sentenced you on two years ago." *Id.*, ¶25.

¶15    On appeal, this court held that the circuit court failed to consider the gravity of the defendant's underlying offense.  This court first examined the circuit court's reference to "the crime that I sentenced you on two years ago." *Id.* Although the circuit court may have implicitly acknowledged the defendant's particular crime, this statement did not consider the gravity of the offense because the circuit court "did not identify that crime, mention any facts relating to that crime, or refer in any way to the court's consideration of the gravity of his criminal conduct." *Id.*  This court also examined the record and full sentencing transcript. *Id.*, ¶26.  *Bolstad* emphasized that "it must be discernible from the sentencing transcript that the court considered the required factors, including gravity of the offense." *Id.* (citations omitted).  In its review of the record and sentencing transcript, this court could not discern any indication that the circuit court considered the gravity of the offense. *Id.*  Based on the absence of any reference in the record to the facts of the underlying offense or any indication that the circuit court considered the gravity of the offense, this court held that it lacked a "sufficient basis to conclude that the court applied the correct legal standard."

8

*Id.*, ¶27.   Therefore, this court concluded that the circuit court erroneously exercised its discretion when sentencing the defendant after revocation.  *Id.*

## II.  The Circuit Court Erroneously Exercised its Discretion in Failing to Consider the Gravity of Hamilton's Offense.

¶16   In this case, the record from the sentencing hearing after revocation of probation demonstrates that the circuit court did not satisfy the requirements of WIS. STAT. § 973.017(2) because the court failed to consider the gravity of Hamilton's offense.  Like the sentencing remarks in *Bolstad*, there is nothing in the record from the post-revocation sentencing hearing from which it can be discerned that the circuit court identified Hamilton's crime, mentioned any facts relating to that crime, or referred in any way to the court's consideration of the gravity of that offense.  *See id.*, ¶25.  Indeed, the court specifically referenced the other two sentencing objectives as required by § 973.017(2)—protection of the public and rehabilitative needs of the defendant—but did not mention the gravity of Hamilton's offense.  Because the circuit court failed to consider the gravity of the offense as required by *Gallion* and § 973.017(2), the court did not apply the proper sentencing standard before Hamilton was sentenced to prison.  *See Jackson*, 352 Wis. 2d 249, ¶43.[3]

---

[3] In *State v. Wegner*, 2000 WI App 231, ¶¶7, 9, 239 Wis. 2d 96, 619 N.W.2d 289, we indicated that, when reviewing a circuit court's sentencing decision, when applicable an appellate court analyzes both the original sentencing proceedings and the sentencing proceedings after revocation of probation on a "global basis," and that we may "consider the original sentencing reasons to be implicitly adopted."  We are uncertain to what extent the "global basis" suggested in *Wegner* applies here in light of our supreme court's holding four years later in *Gallion* that a court must consider the required sentencing factors on the record and that "implied rationale" does not suffice.  *State v. Gallion*, 2004 WI 42, ¶38, 270 Wis. 2d 535, 678 N.W.2d 197. Regardless, we observe that here, at the initial sentencing hearing, the circuit court never mentioned the particular facts of Hamilton's offense—operating a vehicle without the owner's consent—or otherwise addressed the seriousness of that offense.  Moreover, neither the attorneys'

(continued)

¶17    The State concedes that the circuit court did not expressly consider the gravity of the offense in its sentencing decision but nevertheless argues that the record demonstrates that the court properly considered the gravity of the offense. The State provides five bases for this argument, and we reject each in turn.

¶18    First, the State argues that the circuit court considered the gravity of Hamilton's offense even though it did not explicitly use the phrase "gravity of the offense." Specifically, the State contends that the gravity of Hamilton's offense "was included when the court imposed the maximum sentence, and it was also connected with the frequency of the offense for Hamilton's drug use."

¶19    We do not agree with the State's interpretation of the circuit court's sentencing decision. Neither the court's imposition of the maximum allowable sentence nor its discussion of Hamilton's frequent drug use constitutes a consideration of the gravity of the offense. With respect to the circuit court's chosen sentence, the court did not explain on the record how the imposition of this sentence reflected the gravity of Hamilton's offense—operating a vehicle without the owner's consent. *See Gallion*, 270 Wis. 2d 535, ¶38 ("What has previously been satisfied with implied rationale must now be set forth on the record."). Moreover, the circuit court's discussion of Hamilton's frequent drug use is related

---

statements at that sentencing hearing nor Hamilton's statements in allocution mentioned the gravity of the offense. The circuit court stated the offense for which Hamilton was charged and set forth the elements of that offense while taking Hamilton's plea earlier at that hearing. But, this court has stated that "an acknowledgment of the legal elements of [a] crime … is not the same as considering the gravity of the offense." *State v. Bolstad*, 2021 WI App 81, ¶25, ___ Wis. 2d ___, ___ N.W.2d ___; *see also McCleary v. State*, 49 Wis. 2d 263, 271, 182 N.W.2d 512 (1971) ("[I]t is essential that a sentencing court consider the nature of the particular crime, *i.e.*, the degree of culpability—distinguishable from the bare-bones legal elements of it.").

to Hamilton's probation violations, not the offense for which he was convicted.[4] The circuit court had the discretion to consider Hamilton's probation violations when determining the sentence. However, those violations were not connected to Hamilton's offense and, therefore, cannot constitute a consideration of the gravity of that offense under WIS. STAT. § 973.017(2).

¶20 Second, the State relies on *McCleary* and argues that, even if the circuit court failed to set forth the required factors it considered in exercising its discretion, this court must "search the record to determine whether in the exercise of proper discretion the sentence imposed can be sustained." *See McCleary*, 49 Wis. 2d at 282. In *Bolstad*, this court rejected an identical argument from the State, concluding that the State in that case failed to "address the legal developments since *McCleary* in WIS. STAT. § 973.017(2) and (10m) and *Gallion*, which specifically mandate that the circuit court's consideration of the three required sentencing factors, including gravity of the offense, be reflected in the record." *Bolstad*, 2021 WI App 81, ¶39. This court also held that the State failed to "cite any legal authority after *Gallion* that supports the proposition that we can affirm a sentence where the record fails to show that the court considered the gravity of the offense." *Id.* In this case, the State also failed to address the legal developments since *McCleary* and does not cite any post-*Gallion* authority authorizing an appellate court to affirm a sentence that is not supported by the record. Therefore, we follow this court's reasoning in *Bolstad* and reject the State's argument.

---

[4] To be clear, Hamilton was convicted only of the offense of operating a vehicle without consent. Although Hamilton was also charged with possession of THC as a party to a crime and possession of drug paraphernalia as a party to a crime, those charges were dismissed and read in at sentencing as part of Hamilton's plea agreement.

¶21 Third, the State argues that the circuit court did not err in failing to address the gravity of the offense because the court was not required to analyze every possible factor when imposing its sentence. In support, the State quotes a sentence from *Gallion* in which our supreme court stated that "[t]he circuit court need discuss only the relevant factors in each case." *Gallion*, 270 Wis. 2d 535, ¶43 n.11 (citing *State v. Echols*, 175 Wis. 2d 653, 683, 499 N.W.2d 631 (1993)). From that, the State contends that the court "soundly exercised its discretion" in imposing the sentence because the court found that Hamilton's recurrent drug use and his need for treatment were the most important factors.

¶22 The State misinterprets our supreme court's holding in *Gallion*. That opinion stated that WIS. STAT. § 973.01(2) requires courts to consider three specific factors: the protection of the public; the gravity of the offense; and the rehabilitative needs of the defendant. *Id.*, ¶40 n.10. A sentencing court must provide an on-the-record explanation of its consideration of each of these required factors. *Id.*, ¶¶37-38. Later in the opinion, the court stated that "[c]ourts must also identify the factors that were considered in arriving at the sentence and indicate how those factors fit the objectives and influence the decision." *Id.*, ¶43. In a footnote, the court listed "factors that courts *may* take into account in the exercise of discretion," noting that courts "need discuss only the relevant factors in each case." *Id.*, ¶43 & n.11 (emphasis added).

¶23 Here, the State's interpretation of *Gallion* incorrectly conflates permissive sentencing factors with required sentencing factors. In stating that a sentencing court "need discuss only the relevant factors in each case," the *Gallion* court was referencing the list of factors that a court *may* consider when imposing a sentence. *Id.* Contrary to the State's assertion, the quote from *Gallion* on which it relies does not apply to the sentencing factors that a court *must* consider under

12

WIS. STAT. § 973.017(2), such as the gravity of the offense. To repeat, Wisconsin courts have stated that a court must consider each of the § 973.017(2) required factors when making a sentencing determination. *Id.*, ¶40 n.10; *Bolstad*, 2021 WI App 81, ¶33 (rejecting a similar argument and holding that the circuit court has a "duty to *consider all* of the required sentencing factors before it determines the sentence"). In this case, the circuit court had the discretion to discuss certain permissive factors when determining Hamilton's sentence, such as those listed in the *Gallion* footnote cited by the State. *See Gallion*, 270 Wis. 2d 535, ¶43 n.11. However, the circuit court was required to consider every factor set forth in § 973.017(2)—including the gravity of the offense—even if the court found that Hamilton's drug use and rehabilitative needs were the most important objectives. *See Bolstad*, 2021 WI App 81, ¶36.

¶24 Fourth, the State argues that the circuit court was not required to identify the specific facts of the underlying offense because the court was "well aware of the underlying facts and the severity of the offense when it imposed Hamilton's sentence." Specifically, the State points to the parties' stipulation to the facts of the offense as set forth in the criminal complaint and the State's discussion of the "seriousness of this incident" at the sentencing hearing after revocation of probation. The State's argument is incorrect because a circuit court's subjective awareness of the underlying facts alone is not sufficient. Rather, the record must indicate that the court considered the gravity of the offense when determining the sentence. *Gallion*, 270 Wis. 2d 535, ¶38 ("What has previously been satisfied with implied rationale must now be set forth on the record."); *Bolstad*, 2021 WI App 81, ¶26 ("[I]t must be discernible from the sentencing transcript that the court considered the required factors, including gravity of the offense."). Also, as explained earlier, it is not enough that the court

recited the legal elements of the underlying offense at the initial plea and sentencing hearing. *Bolstad*, 2021 WI App 81, ¶25 (citing *McCleary*, 49 Wis. 2d at 271). Here, the record does not indicate that the circuit court considered the facts of Hamilton's offense when determining Hamilton's sentence. Therefore, we conclude that the circuit court failed to consider the gravity of Hamilton's offense before imposing the sentence.

¶25    Fifth, the State argues that the circuit court's comments at the postconviction motion hearing constitute a consideration of the gravity of the offense. *See State v. Helmbrecht*, 2017 WI App 5, ¶13, 373 Wis. 2d 203, 891 N.W.2d 412 (2016) ("[A] circuit court has an additional opportunity to explain its sentence when challenged by a postconviction motion."). Specifically, the State references the court's remarks at the postconviction hearing that "the severity of the offense was somewhat built into the maximums," that "the severity is … equated with the frequency of the infraction and the repeated nature of the infraction for the use of drugs," and that "the other factors were more geared to the sentence imposed." Contrary to the State's contention, however, we are unable discern how the concepts expressed in these remarks satisfy the requirement that the circuit court at sentencing consider the gravity of the underlying offense.

¶26    The State cites no authorities which stand for the proposition that a circuit court can disregard one or more required factors at sentencing and then satisfy *Gallion* by discussing that factor at the postconviction motion hearing. The principle quoted above in *Helmbrecht* has its origin in a case where the circuit court, at sentencing, discussed the defendant's religion, and we stated, "[t]he [circuit] court had the opportunity at the postconviction hearing to clarify its statements concerning [the defendant's] religious convictions and practices, and to state that it in fact did not consider those factors when it imposed sentence." *State*

*v. Fuerst*, 181 Wis. 2d 903, 915, 512 N.W.2d 243 (Ct. App. 1994). Here, the State points to nothing in the circuit court's remarks at sentencing after revocation of probation about the gravity of the offense that the circuit court "clarified" or explained in its remarks at the postconviction hearing. *See id.*

¶27 We note that, at the postconviction hearing, the circuit court stated that it considered the gravity of the offense when imposing Hamilton's sentence. Specifically, the court stated, "while [the gravity of the offense] may not have been the primary factor, it was considered as a part of [the sentence]." Consistent with the authorities set forth above, we will abide by such an assertion from a circuit court if we can discern from the record that the court actually considered that required factor prior to sentencing the defendant. *See Bolstad*, 2021 WI App 81, ¶27. However, in this case, as discussed, we cannot discern from the circuit court's sentencing remarks that the circuit court considered the gravity of Hamilton's offense. In sum, the circuit court's comments at the postconviction motion hearing do not satisfy the requirement that the court's consideration of the gravity of Hamilton's offense at sentencing be discernible from the record.

¶28 Because there is no indication in the record that the circuit court considered the gravity of Hamilton's offense, there is no basis to conclude that the circuit court applied the proper legal standard. Therefore, the court erroneously exercised its discretion in imposing Hamilton's sentence, and a remand for resentencing is required.

## CONCLUSION

¶29 For the foregoing reasons, the judgment and order of the circuit court are reversed, and this matter is remanded for resentencing.

*By the Court.*—Judgment and order reversed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.